IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAYAL BISWAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| WAMU INVESTMENTS, INC. | § | |
| EDWARD BASHAM, and A & O LIFE | § | |
| FUNDS, L.P., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

1.      Defendant WaMu Investments, Inc. ("WaMu Investments") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446:

### The Proceedings in State Court

2.      Plaintiff filed this action on September 23, 2008, in the 333rd Judicial District Court in Houston, Texas, where it was given cause number 2008-56530.

3.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, the following documents are attached to this Notice as Tabs A-E:

    A.  Index of matters being filed

    B.  State Court Docket Sheet, obtained November 5, 2008

    C.  All executed process in the case

        i.  Citation for A&O Life Funds, Inc, served October 16, 2008

        ii. Citation for WaMu Investments, Inc., served October 7, 2008

    D.  Pleadings filed in State Court Action

        i.  Original Petition, filed September 23, 2008

        ii. Answer of WaMu Investments, Inc. filed October 31, 2008

E.  Order entered by State Court, September 26, 2008

F.  List of all counsel of record, including addresses, telephone numbers, and parties represented

4.      Defendant WaMu Investments received a copy of Plaintiffs' Original Petition, the initial pleading setting forth a claim for relief upon which this action is based, through service on Corporation Service Company on October 7, 2008.

## Federal Question Jurisdiction

5.      This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States within the meaning of 28 U.S.C. §1331.  This case is removable under 28 U.S.C. §1441 since the Petition asserts claims that are federal questions under 28 U.S.C. §1331.

6.      In particular, the Plaintiff invokes federal law as a basis of recovery by alleging Defendants violated the federal securities laws, including Section 10b of the Exchange Act (15 U.S.C. §78j(b)), Section 20 of the Exchange Act (15 U.S.C. §78t), and Rule 10(b)(5) of the Exchange Act. (CFR §240.10b-5).  *See* Plaintiff's Original Petition ¶¶ 20-24.

7.      Plaintiff's other causes of action all arise out of the same set of facts and are part of the same case and controversy, so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. §1367(a).  Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this Court, and removal to this Court is proper under the provisions of 28 U.S.C. §1441(a).

8.      Venue of this removed action is proper in this Court as the District Court for the district and division where the state court action is pending.  28 U.S.C. §1441.

### Timelines / Consent

9.      This Notice of Removal has been filed within thirty (30) days of the receipt of the Original Petition by the Defendant and is therefore timely under 42 U.S.C. §1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1327 (1999).

10.     Counsel for WaMu Investments attempted to reach A & O Life Funds, who has not yet answered, to obtain consent; but was unsuccessful in reaching it.  Defendant Edward Basham has not been served.

11.     A copy of the written notice required by 28 U.S.C. §1446(b), addressed to the adverse party and to the Clerk of the District Court of Harris County, Texas, is attached as Tab G and will be filled in the State Court Action forwarded to Plaintiff upon the filing of this notice of removal.

### Conclusion

Defendant WaMu Investments, Inc. hereby files this Notice of Removal based on federal question jurisdiction, and requests this Court proceed with this action as if it had originally commenced in this Court and make all orders necessary and appropriate to effectuate this removal.

Respectfully submitted,

Jackson Walker L.L.P.

By:____/ s / Retta A. Miller_____
            Retta A. Miller
            Texas Bar No. 04506600
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone:  (214) 953-6000
Telecopy:   (214) 953-5822

ATTORNEYS FOR DEFENDANT
WAMU INVESTMENTS, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document, with all attachments, was served on counsel for Plaintiff, David E. Wynne, The Wynne Law Firm, 2730 JPMorgan Chase Tower, Houston, Texas 77002-2913, via certified mail, return receipt requested, on this 5th day of November, 2008.

/ s / *Retta A. Miller*

Retta A. Miller

# TAB A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAYAL BISWAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| WAMU INVESTMENTS, INC. | § | |
| EDWARD BASHAM, and A & O LIFE | § | |
| FUNDS, L.P., | § | |
| | § | |
| Defendants. | | |

## **INDEX OF DOCUMENTS BEING FILED**

Index of Matters Being Filed                                                    TAB A

State Court Docket Sheet, Obtained November 5, 2008                             TAB B

All Executed Process in the Case                                                TAB C

    i.     Citation for A&O Life Funds, Inc, Served October 16, 2008

    ii.    Citation for WaMu Investments, Inc., Served October 7, 2008

Pleadings Filed in State Court Action                                           TAB D

    i.     Original Petition, Filed September 23, 2008

    ii.    Answer of WaMu Investments, Inc. Filed October 31, 2008

Order Entered by State Court, September 26 2008                                 TAB E

List of All Counsel of Record                                                   TAB F

Written Notice of Removal in State Court Action                                 TAB G

# TAB B

HARRIS COUNTY JIMS - Subscriber Access Civil-Case Summary                    Page 1 of 1



**HARRIS COUNTY, TEXAS**
Online Public Records

Civil District Courts &
Family District Courts

**Home | Help | Faqs | Manuals**

**Main Menu | Party Search | Attorney Search | Bar # Search | Case # Search | Docket Search | Date Search
| Tax Search**

## Case Summary

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Style | BISWAS, DAYAL VS. WAMU INVESTMENTS INC | | | | | | |
| Case Number | 200856530 | Case Type | FRAUD | | | | |
| File Court | 333 | Case status | ACTIVE | Jury Fee Paid Date | N/A | File Date | 09/23/2008 |
| Current Court | 333 | Next Setting | 01/26/2009 | File Location | CENTRAL INTAKE 1ST | | |
| Judgment For | N/A | | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs | -- |

| | | |
|---|---|---|
| Case Chronological History<br>Case Settings<br>Party Information | Services<br>Document Summary<br>Notices | Consolidated Case Listing<br>Microfilmed/Imaged Court Orders |

Main Menu

**Subscriber Access Coordinator**



**HARRIS COUNTY, TEXAS**
Online Public Records

**Civil District Courts &**
**Family District Courts**

**Home | Help | Faqs | Manuals**
**Main Menu | Party Search | Attorney Search | Bar # Search | Case # Search | Docket Search | Date Search**
**| Tax Search**

## Document Summary

| Style | BISWAS, DAYAL VS. WAMU INVESTMENTS INC | | | | | | |
|---|---|---|---|---|---|---|---|
| Case Number | 200856530 | Case Type | FRAUD | | | | |
| File Court | 333 | Case status | ACTIVE | **Jury Fee Paid Date** | N/A | File Date | 09/23/2008 |
| Current Court | 333 | Next Setting | 01/26/2009 | File Location | CENTRAL INTAKE 1ST | | |
| Judgment For | N/A | | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs | -- |

| File Date | Document | Filing Attorney | Person Filing |
|---|---|---|---|
| 11/03/2008 | ANSWER ORIGINAL PETITION | MILLER, RETTA A. | WAMU INVESTMENTS INC |
| 09/23/2008 | ORIGINAL PETITION | WYNNE, DAVID EDWARDS | BISWAS, DAYAL |

Main Menu          Case Summary

**Subscriber Access Coordinator**



**HARRIS COUNTY, TEXAS**
**Online Public Records**

**Civil District Courts &**
**Family District Courts**

**Home | Help | Faqs | Manuals**
**Main Menu | Party Search | Attorney Search | Bar # Search | Case # Search | Docket Search | Date Search | Tax Search**

## Chronological Case History

| Style | BISWAS, DAYAL VS. WAMU INVESTMENTS INC | | | | | | |
|---|---|---|---|---|---|---|---|
| Case Number | 200856530 | Case Type | FRAUD | | | | |
| File Court | 333 | Case status | ACTIVE | Jury Fee Paid Date | N/A | File Date | 09/23/2008 |
| Current Court | 333 | Next Setting | 01/26/2009 | File Location | CENTRAL INTAKE 1ST | | |
| Judgment For | N/A | | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs | -- |

| Date | Event Type | Description |
|---|---|---|
| 10/16/2008 | SERVICE | **PERSON SERVED:** A & O LIFE FUNDS L P **SERVICE TYPE:** CITATION CORPORATE **INSTRUMENT:** ORIGINAL PETITION |
| 10/07/2008 | SERVICE | **PERSON SERVED:** WAMU INVESTMENTS INC (WASHINGTON CORPORATION) BY SERVING ITS **SERVICE TYPE:** CITATION CORPORATE **INSTRUMENT:** ORIGINAL PETITION |
| N/A | SERVICE | **PERSON SERVED:** BASHAM, EDWARD **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 11/03/2008 | DOCUMENT | ANSWER ORIGINAL PETITION **ATTORNEY:** MILLER, RETTA A. |
| 09/23/2008 | DOCUMENT | ORIGINAL PETITION **ATTORNEY:** WYNNE, DAVID EDWARDS |
| 01/26/2009 | SETTING | **REASON:** DISMISS FOR WANT OF PROSECU-MTN TO (TRCP 165A) |

Main Menu          Case Summary

**Subscriber Access Coordinator**



**HARRIS COUNTY, TEXAS**
**Online Public Records**

**Civil District Courts &**
**Family District Courts**

**Home | Help | Faqs | Manuals**
**Main Menu | Party Search | Attorney Search | Bar # Search | Case # Search | Docket Search | Date Search**
**| Tax Search**

## Party Information-Summary

| Style | BISWAS, DAYAL VS. WAMU INVESTMENTS INC | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Case Number | 200856530 | Case Type | FRAUD | | | | | |
| Case Status | ACTIVE | Current Court | 333 | File Court | 333 | | | |
| Next Setting | 01/26/2009 | File Location | CENTRAL INTAKE 1ST | Plaintiffs | 1 | Defendants | | 3 |
| Judgment For | N/A | | | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs -- |

**Summary list of parties connected to this case:**

| Name | Connection | Party Status | Associated Attorney |
|---|---|---|---|
| A & O LIFE FUNDS L P | DEFENDANT | N/A | N/A |
| A & O LIFE FUNDS L P | REGISTERED AGENT | N/A | N/A |
| BASHAM, EDWARD | DEFENDANT | N/A | N/A |
| BISWAS, DAYAL | PLAINTIFF | N/A | WYNNE, DAVID EDWARDS |
| WAMU INVESTMENTS INC | DEFENDANT | N/A | MILLER, RETTA A. |
| WAMU INVESTMENTS INC (WASHINGTON CORPORATION) BY SERVING ITS | REGISTERED AGENT | N/A | N/A |

Main Menu          Case Summary

**Subscriber Access Coordinator**



**HARRIS COUNTY, TEXAS**
Online Public Records

**Civil District Courts &**
**Family District Courts**

**Home** | **Help** | **Faqs** | **Manuals**
**Main Menu** | **Party Search** | **Attorney Search** | **Bar # Search** | **Case # Search** | **Docket Search** | **Date Search**
| **Tax Search**

## Service Summary

| Style | BISWAS, DAYAL VS. WAMU INVESTMENTS INC | | | | | | |
|---|---|---|---|---|---|---|---|
| Case Number | 200856530 | Case Type | FRAUD | | | | |
| File Court | 333 | Case status | ACTIVE | Jury Fee Paid Date | N/A | File Date | 09/23/2008 |
| Current Court | 333 | Next Setting | 01/26/2009 | File Location | CENTRAL INTAKE 1ST | | |
| Judgment For | N/A | | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs | -- |

| Date Served | Party Being Served | Service Type | Service Status |
|---|---|---|---|
| N/A | BASHAM, EDWARD | CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY |
| 10/16/2008 | A & O LIFE FUNDS L P | CITATION CORPORATE | SERVICE RETURN/EXECUTED |
| 10/07/2008 | WAMU INVESTMENTS INC (WASHINGTON CORPORATION) BY S | CITATION CORPORATE | SERVICE RETURN/EXECUTED |

Main Menu        Case Summary

**Subscriber Access Coordinator**



**HARRIS COUNTY, TEXAS**
Online Public Records

**Civil District Courts &**
**Family District Courts**

**Home** | **Help** | **Faqs** | **Manuals**
**Main Menu** | **Party Search** | **Attorney Search** | **Bar # Search** | **Case # Search** | **Docket Search** | **Date Search**
| **Tax Search**

## Case Notices

| Style | BISWAS, DAYAL VS. WAMU INVESTMENTS INC | | | | | | |
|---|---|---|---|---|---|---|---|
| Case Number | 200856530 | Case Type | FRAUD | | | | |
| File Court | 333 | Case status | ACTIVE | Jury Fee Paid Date | N/A | File Date | 09/23/2008 |
| Current Court | 333 | Next Setting | 01/26/2009 | File Location | CENTRAL INTAKE 1ST | | |
| Judgment For | N/A | | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs | -- |

| Notice Date | Activity Date | Description | Connection to Case | Name, Address & Phone |
|---|---|---|---|---|
| *** GENERIC NOTICES *** | | | | |
| 09/26/2008 | N/A | NO SVC NO ANS INTENT TO DWOP_NO TAX | ATP | WYNNE, DAVID EDWARDS 2730 JPMORGAN CHASE HOUSTON, TX 77002 (713)227-8835 |

[ Main Menu ]     [ Case Summary ]

**Subscriber Access Coordinator**

HARRIS COUNTY JIMS - Subscriber Access Civil-Case Summary

Page 1 of 1



**HARRIS COUNTY, TEXAS**
Online Public Records

**Civil District Courts &
Family District Courts**

**Home** | **Help** | **Faqs** | **Manuals**
**Main Menu** | **Party Search** | **Attorney Search** | **Bar # Search** | Case # Search | Docket Search | Date Search
| **Tax Search**

## Case Setting History

| Style | BISWAS, DAYAL VS. WAMU INVESTMENTS INC | | | | | | |
|---|---|---|---|---|---|---|---|
| Case Number | 200856530 | Case Type | FRAUD | | | | |
| File Court | 333 | Case status | ACTIVE | Jury Fee Paid Date | N/A | File Date | 09/23/2008 |
| Current Court | 333 | Next Setting | 01/26/2009 | File Location | CENTRAL INTAKE 1ST | | |
| Judgment For | N/A | | | | | | |
| Judgment Date | N/A | Image Number | -- | Volume | -- | Page # | -- | Pgs | -- |

| Date | Time | Court | Docket Name | Party Requesting | Setting Reason | Results |
|---|---|---|---|---|---|---|
| 01/26/2009 | 09:00 hrs | 333 | TRIAL COOR | N/A | DISMISS FOR WANT OF PROSECU-MTN TO (TRCP 165A) | N/A |

Main Menu          Case Summary

**Subscriber Access Coordinator**

# TAB Ci

RECEIPT NUMBER ___382655___ ___0.00___
TRACKING NUMBER ___72337036___ ___ATY___

**CAUSE NUMBER** ___200856530___

| | |
|---|---|
| **PLAINTIFF:** BISWAS, DAYAL | **In The** 333rd |
| vs. | **Judicial District Court of** |
| **DEFENDANT:** WAMU INVESTMENTS INC | **Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

P1

2008 OCT 21

TO: A & O LIFE FUNDS L P

   5555 W LOOP SOUTH SUITE 605  BELLAIRE TX 77401

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___

This instrument was filed on the ___23rd___ day of ___September___, 20 ___08___, in the above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___29th___ day of ___September___, 20 ___08___.

Issued at request of:
WYNNE, DAVID EDWARDS
2730 JPMORGAN CHASE
HOUSTON, TX 77002
Tel: (713) 227-8835
Bar Number:   24047150

*Theresa Chang*
**THERESA CHANG, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by:** EASTLAND, KAREN FAY   HS9/YP2/82285

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the ___20___ day of ___September___, 20 08, at ___1:55___ o'clock ___P___.M., endorsed the date of delivery thereon, and executed it at ___2 Riverway STE 1075___, ___Houston___.
                                                                                             (street address)                          (city)

in ___Harris___ County, Texas on the ___16___ day of ___October___, 2008, at ___12:22___ o'clock ___P___.M., by delivering to ___A & O Life Funds LP___, by delivering to its
                                (the defendant corporation named in citation)

___President___, in person, whose name is ___Russell Wachet___,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the ___Plaintiffs Original___ Petition attached,
                                                           (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
                                                        (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20_____.

FEE: $ _____          By: _____
                                               (signature of officer)

                              Printed Name: ___Todd Pannell  SCH 2127___

_____          As Deputy for: _____
**Affiant Other Than Officer**                    (printed name & title of sheriff or constable)

On this day, ___TODD PANNELL___, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ___17___ day of ___October___, 20 08.

                                                      _____
                                                      Notary Public

JAMIL M. DAABOUL
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/18/2009

N.INT.CITC.P

Certified Document Number 39722991 - Page 1 of 1

# TAB Cii

RECEIPT NUMBER   382655          0.00
TRACKING NUMBER   72337050       ATY

CAUSE NUMBER   200856530

| PLAINTIFF: BISWAS, DAYAL | In The   333rd |
|---|---|
| vs. | Judicial District Court of |
| DEFENDANT:   WAMU INVESTMENTS INC | Harris County, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

(P2)

TO: WAMU INVESTMENTS INC (WASHINGTON CORPORATION) BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY

    800 BRAZOS ST  AUSTIN TX 78701

    2008 Oct 21

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___

This instrument was filed on the ___23rd___ day of ___September___, 20 _08_, in the above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___29th___ day of
___September___, 20 _08_.

Issued at request of:
WYNNE, DAVID EDWARDS
2730 JPMORGAN CHASE
HOUSTON, TX 77002
Tel: (713) 227-8835
Bar Number:  24047150

*Theresa Chang*
**THERESA CHANG, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by: EASTLAND, KAREN FAY   HS9/YP2/82285**

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the ___7th___ day of ___October___, 20 _08_, at __11:00__ o'clock _A_. M., endorsed the date of delivery thereon, and executed it at _____, _____,
                                                                 (street address)                    (city)
in _____ County, Texas on the _____ day of _____, 20___, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                              (description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____.
                                                        (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $ _____        By: _____
                                         (signature of officer)
                              Printed Name: _____

_____        As Deputy for: _____
Affiant Other Than Officer                                  (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____.

_____
Notary Public

N.INT.CITC.P

Certified Document Number: 39722992 - Page 1 of 2

# **AFFIDAVIT OF SERVICE**

Came to hand on the **7th** day of **October** , 2008, at **11:00 o'clock am.**
Cause No. **200856530**

Executed at **701 Brazos Street, Suite 1050** **Austin, Texas 78701**
within the County of **Travis** at **2:49 o'clock pm** on the **7th** day
of **October** , 2008, by delivering to the within named:

**WAMU INVESTMENTS, INC.,**
**by delivering to its Registered Agent, CORPORATION SERVICE COMPANY,**
**by delivering to its designated agent, VERONICA CORDELL,**

in person, a true copy of this citation together with the accompanying copy of
the petition, having first attached such copy of such petition to such copy of
citation and endorsed on such copy of citation the date of delivery.

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

By: *Barbara C. Stinnett*
**Barbara C. Stinnett** ID# SCH-1181
(Authorized Person)

| |
|---|
| DAYAL BISWAS, |
| Plaintiff |
| V. |
| WAMU INVESTMENTS, INC. |
| Defendant |

**THOMAS PROCESS**
809 Rio Grande Street
Suite 103
Austin, Texas 78701
(512) 320-8330

## VERIFICATION

STATE OF TEXAS §
COUNTY OF TRAVIS §

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared
**Barbara C. Stinnett** , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
Given under my hand and seal of office this 9th day of
October , A.D., 2008.



NOTARY PUBLIC, STATE OF TEXAS

40118/Biswas

**TAB Di**



| | | |
|---|---|---|
| DAYAL BISWAS | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAMU INVESTMENTS, INC., | § | |
| EDWARD BASHAM, and A & O LIFE | § | |
| FUNDS, L.P. | § | |
| | § | |
| *Defendants* | § | JUDICIAL DISTRICT |

2008-56530

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Dayal Biswas ("Biswas") complains of WaMu Investments, Inc. ("WaMu"), WaMu's former broker/representative, Edward Basham ("Basham"), and A & O Life Funds, L.P. ("AO").

## I. <u>PARTIES</u>

1.      Plaintiff, Biswas, is an individual residing in Houston, Texas.

2.      Defendant, WaMu, is a Washington corporation doing business in the State of Texas. It may be served with process upon its registered agent, Corporation Service Company, 800 Brazos St., Austin, Texas 78701.

3.      Basham is an individual account representative, formerly representing WaMu. Basham worked in one of WaMu's Houston, Texas offices. He can be served with process at his home address of 10555 Turtlewood Ct., Houston, TX 77072.

4.      AO is a limited partnership with its principal place of business at 5555 W. Loop South, Suite 605, Bellaire, TX 77401. AO may be served with process at its principal places of business.

## II. <u>VENUE AND JURISDICTION</u>

5.      Venue is proper in Harris County, Texas because this is where all or a substantial part

of the events or omissions giving rise to the claims occurred.   The amount in controversy substantially exceeds the jurisdictional requirements of this Court.

## II. BACKGROUND FACTS

6.      Biswas is a structural engineer who resides in Houston, Texas and who is currently seventy (70) years old.

7.      Biswas has retained a bank account at Washington Mutual, Inc. and an investment account with WaMu for over twenty (20) years. Both WaMu and its managers knew that Biswas did not have the expertise in the securities markets to manage his investments.  They also understood that Biswas was an older, conservative investor who wanted his accounts managed for capital appreciation with minimal risk of losing his principal.

8.      In 2007, Biswas' liquid net worth was approximately $420,000. That value included approximately $322,000 in his WaMu account and $100,000 in his Washington Mutual Bank account.  Biswas' liquid net worth managed by WaMu was primarily invested in the Ft Unit 1070 California Municipal Income Fund ($206,000) and the Principal Investors Equity Income Fund ($116,000) – two conservative, relatively safe investments.

9.      On or about September 4, 2007, Biswas met with Basham, a WaMu representative and account manager, at one of WaMu's Houston, Texas branches.   During that meeting, Basham pressed Biswas to move $300,000 from the Ft Unit 1070 California Municipal Income Fund and the Principal Investors Equity Income Fund to a different fund, Life Fund, which he promised would provide a far better return (12%) with no risk.  Basham specifically noted that the Life Fund was supported by large insurance companies, ING and AFLAC.  Basham never mentioned that the new fund was not a WaMu product or that it would not be managed by WaMu.  Indeed, Basham gave

2

every indication, including the fact that he was a WaMu representative presenting the investment opportunity in a WaMu office, that the Life Fund was a WaMu product that Basham would continue managing for Biswas through WaMu.

10.      In response to Basham's entreaties, Biswas stressed that his portfolio constituted most of his life savings and that he had worked tirelessly for years to accumulate that value and did not want to lose it.  Biswas emphasized that he wanted his investments to be managed conservatively and that preserving his capital was of the utmost importance to him.  Basham assured Biswas that his investments would be safe with and that he understood Biswas' conservative risk profile.

11.      Based on Basham's representations, Biswas agreed to liquidate all of his shares in the Ft Unit 1070 California Municipal Income Fund and the Principal Investors Equity Income Fund and transfer $300,000 to the Life Fund.  Basham presented Biswas with several blank forms to sign. Basham advised Biswas that it was unnecessary to read the documents, instructed Biswas to sign the forms where indicated and promised that WaMu would complete the forms.  Among the blank forms Basham insisted that Biswas sign to liquidate his investments was a blank withdrawal slip.

12.      Shortly thereafter, Biswas contacted Basham to request information and some evidence of investing $300,000 into the Life Fund.  Biswas ignored Basham for days.  Eventually, Basham told Biswas to contact Ken Frank ("Frank"), and indicated that Frank would be managing Biswas' investment in the Life Fund.

13.      On information and belief, Basham concocted a scheme with Frank to move WaMu customers' money out of WaMu and into AO's Life Fund.   At over 70 years old, Biswas was an ideal target.

14.      Unbeknownst to Biswas and while he was out of town, Basham used Biswas' wife's

name to move $300,000 out of Biswas' WaMu account and first, into an entity referred to as K &

P Investment, then into the AO Life Fund.  Biswas' wife passed away over eleven (11) years ago.

Basham never informed Biswas that any money would be withdrawn from Biswas' WaMu account.

15.     WaMu eventually uncovered Basham's and Frank's scheme and terminated Basham.

Investigations by the Financial Industry Regulatory Authority ("FINRA") ensued.  During those

investigations, Frank contacted Biswas and requested that Biswas tell investigators they had known

each other for a long time, well before investing in the Life Fund.  Biswas refused to do so and

instead cooperated with investigators.

16.     WaMu's and AO's lack of supervision was grotesque.

17.     WaMu, acting through Basham and AO, acting through Frank, completely

mismanaged Biswas' portfolio.  WaMu ignored Biswas' specific instructions to manage his

investments conservatively. AO took Biswas' investment without knowing him at all.  Adding insult

to injury, WaMu and AO moved the vast majority of Biswas' liquid net worth into only one asset,

which is considered inappropriate by the securities industry for even the most aggressive of

investors.  That was inexcusable in the accounts of a 70 year old engineer who did not understand

what was being done and did not have the expertise to find out.  Biswas brings this action against

the Defendants to return his investment in Life Fund, including all of its accrued interest, to recover

the cost of this litigation, and any additional damages allowed by law.

### III.  CAUSES OF ACTION

18.     Through their conduct as alleged above, WaMu, its representative Basham, AO, and

its representative Frank engaged in acts, practices, and a course of business that violated Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78j(b), Section 20

of the Exchange Act, and Rule 10b-5, 17 CFR §240.10b-5 ("Rule 10b-5"), promulgated by the

Securities and Exchange Commission.

19.   WaMu is responsible for Basham's improper actions and AO is responsible from

Frank's actions because Basham and Frank were acting within the course and scope of their

employment with WaMu and AO, respectively, at the time the actions were undertaken.   The

foregoing activities caused Biswas damages, including the cost to assert this claim.   Based upon

these facts, Biswas' causes of action against the Defendants include, but are not limited to:

(1)   violations of sections 10(b), 20 and Rule 10b-5 of the Exchange Act –suitability;

(2)   breach of fiduciary duty;

(3)   negligence;

(4)   negligent misrepresentation;

(5)   common law fraud;

(6)   violations of the Texas Securities Act; and

(7)   violations of Section 27.01 of the Texas Business & Commerce Code.

A.   **Violations of Sections 10(b), 20 and Rule 10b-5 – Suitability (All Defendants)**

20.   NASD Rule 2310 is commonly referred to as the "Suitability Rule." It provides: "[I]n

recommending to a customer the purchase, sale of any security, a member shall have reasonable

grounds for believing that the recommendation is suitable for such customer upon the basis of the

facts, if any, disclosed by such customer as to his other security holdings and to his financial

situation and needs."

21.   Biswas had consistently depended on others to make his investment decisions, so he

5

had limited experience in investing at the time Basham, in concert with Frank, coerced Biswas into moving the bulk of his liquid net worth into the Life Fund.  In fact, Biswas made it a point to tell Basham that he did not understand how to make investments in funds or which funds to invest in. Biswas repeatedly stressed that he wanted, and needed, for WaMu to conservatively invest his life savings.  Biswas also told Basham that he had always trusted broker/managers to handle all aspects of the management of his portfolio and that Biswas expected WaMu to do the same.  Basham agreed in WaMu's behalf that it would do so conservatively.

22.     Despite all these assurances, WaMu completely disregarded Biswas' wishes, and its representative's promises, to manage Biswas' money carefully and conservatively.  Instead, WaMu, acting through Basham and without Biswas' knowledge, sold Biswas' conservative portfolio and replaced it with a concentration, in a highly speculative fund that promised a 12% return and was unrelated to WaMu.  In short, WaMu and its brokers grossly, and inexcusably, departed from anything suitable for Biswas' account.

23.     Rule 405 of the NYSE is commonly referred to as the "Know Your Customer Rule." It provides in part: "[E]very member organization is required . . . to (1) use due diligence to learn of the essential facts relative to every customer, every order, every cash and margin account accepted . . . (2) supervise diligently all accounts handled by registered representatives of the organization . . ." WaMu and AO failed utterly to meet this Rule as to Biswas.  No one at AO ever met or even talked to Biswas.

24.     AO and its brokers spent no meaningful time or attention to know Biswas and his financial needs. They capitalized on their access to Biswas' hard-earned wealth to promote their own fees and self-interest.  WaMu and its brokers knew that Biswas wanted his investment portfolio to be protected from loss.  In disregard, even disdain, for Biswas' desire, and need, to be protected,

WaMu, AO and their brokers made an unsuitable investment for his account. The Defendants' lack

of regard for Biswas' best interests was intentional and/or reckless in the extreme. The Defendants

thereby violated Sections 10(b) and 20 of the Exchange Act and Rule 10b-5, violated the FINRA's

and NYSE's rules of suitability, as well as the industry standard of conduct, which those rules

embody. The Defendants are, therefore, liable to Biswas for the damages they caused him to sustain.

**B.**     **Breach of Fiduciary Duty (WaMu and Basham)**

25.     WaMu exercised discretionary control over Biswas' accounts. Biswas granted this

control to WaMu, because Basham convinced him in WaMu's behalf that WaMu had vastly superior

knowledge and expertise in providing significant, but safe returns on investments in securities. In

light of WaMu's purported superior knowledge and expertise in investment matters and Biswas' lack

of such knowledge and expertise, together with the confidence and trust that WaMu encouraged

Biswas to place in it and its brokers and that Biswas did place in them, there was, as a matter of fact

and law, a relationship of confidence and trust between them. The Defendants therefore owed

Biswas a fiduciary duty to invest his money suitably and to take all actions reasonably appropriate

to safeguard his investments. This duty included, but was not limited to, making suitable

investments, accounting to Biswas accurately and informatively, and putting Biswas' best interest

ahead of their own. WaMu breached this duty consistently from day one to day end. WaMu and

Basham are, therefore, liable to Biswas for the damages they caused him to sustain.

**C.**     **Negligence (All Defendants)**

26.     The industry standard of care is set forth by the rules of the NASD, the NYSE, the

SEC, federal and state statutes. Defendants were obligated to provide Biswas, and Biswas was

entitled to rely, and did rely, upon Defendants to provide, competent, professional investment

management services in accordance with those industry rules, regulations, customs, and practices. By Defendants' conduct, as outlined above, they failed to abide by many of these rules including, but not limited to, the following:

(1)    NASD Conduct Rule 2100 (High Standards of Commercial Honor/Equitable Principles of Trade);

(2)    NASD Conduct Rule 2120 (Use of Manipulative, Deceptive or Other Fraudulent Devices);

(3)    NASD Conduct Rule 2210 (d) (Standards Applicable to Communications with the Public);

(4)    NASD Conduct Rule 2310 (Suitability and Fair Dealing with Customers);

(5)    NASD Conduct Rule 2440 (Fair Prices and Commissions);

(6)    NASD Conduct Rule 3010 (Supervision);

(7)    NASD Notice to Members 97-19 (Heightened Supervisory Recommendations);

(8)    NYSE Rule 342 (Supervision);

(9)    NASD Conduct Rule 3110 and NYSE Rule 405 (New Account Information and Knowing Your Customer);

(10)    NYSE Rule 401 (Good and Ethical Business Practices);

(11)    The standards of conduct, which, on information and belief, are set forth in WaMu's and AO's compliance and policy manuals.

27.    Defendants' conduct was committed knowingly and with the intention to deceive and defraud Biswas. In the alternative, Defendants acted with reckless disregard for the rights and welfare of Biswas and were grossly negligent in failing to prevent the complained of conduct. As a result, Biswas has suffered damages for which Defendants are liable.

**D.**    **Common Law Fraud and Negligent Misrepresentation (All Defendants)**

28.    Basham and Frank made numerous material misrepresentations and omissions in

WaMu's and AO's behalf on which they intended Biswas to rely and on which he did rely. Most notably, Basham assured and promised Biswas that his investments would be managed conservatively and that the Life Fund was a safe investment, backed by large insurance companies. Biswas relied on these representations to his detriment. As a result, Biswas has suffered damages for which Defendants are liable. Basham, also failed to disclose to Biswas that the Life Fund would not be managed by WaMu and that investing in the Life Fund would require moving Biswas' money out of WaMu.

29.     AO is also liable for fraud and negligent misrepresentation, because it knowingly cooperated with Basham and WaMu, conspiring to move Biswas' money out of WaMu and into the Life Fund.

**E.     Violations of the Texas Securities Laws (All Defendants)**

30.     WaMu's and Basham's actions, as described above, constitute violations of Texas law governing the purchase and sale of securities. Basham convinced Biswas to entrust most of his liquid assets to him based upon untrue statements of material fact. WaMu, acting through Basham, was aware that its statements were false at the time they were made or, alternatively, WaMu acted with a reckless disregard for the truth of the statements when made. Basham conspired with AO and Frank to perpetrate these violations against Biswas. Defendants also omitted material information which caused what they did represent to be misleading. As a result, Biswas has suffered damages for which Defendants are liable.

**F.     Failure to Supervise (WaMu and AO)**

31.     WaMu and AO were negligent in failing to maintain and enforce a proper system of supervision and internal control over Basham and Frank, respectively. It was especially inexcusable

in light of the Life Fund purchased by Basham and the conversion of Biswas' conservative investments into a concentrated high risk position entirely outside WaMu's management. Such negligence and/or gross negligence proximately caused damages to Biswas, for which Defendants are liable.

## G.    Respondeat Superior

32.    Basham and Frank were acting, at all times, in the course and scope of their employment with WaMu and AO, respectively. WaMu and AO are liable under the doctrine of *respondeat superior* for all damages to Biswas that those representatives/brokers caused.

## H.    Violation of Texas Business & Commerce Code Section 27.01 (All Defendants)

33.    Defendants made false promises to Biswas, intending by those false promises to induce him to invest with AO. Biswas relied on those false promises in investing with AO. Defendants acted with actual awareness of the falsity of their promises and failure to disclose that AO's Life Fund was not a WaMu product and would not be managed by WaMu. Defendants are liable under this statute for Biswas' actual damages from their handling of his investments, for the statutory multiple of those damages, for Biswas' attorneys' fees, expert witness fees, interest and costs.

## IV. RELIEF SOUGHT

34.    Biswas has necessarily incurred reasonable expenses for the professional services of the undersigned to prepare and prosecute this lawsuit. Having complied with all prerequisites for recovery of attorney's fees and costs, Biswas is entitled to judgment against Defendants for those expenses in a reasonable amount. *See* TEX. BUS. & COM. CODE §17.50(d).

35.    Biswas is also entitled to an order to restore the money taken from him in violation

of the Texas Deceptive Trade Practices Act § 17.50(b)(3). Biswas suffered losses in his investment account plus accrued interest (subject to a final accounting) as a result of Defendants' conduct. The vast majority of those losses were directly and proximately caused by Defendants' wrongful actions, as described above. Due to Defendants' grossly negligent and/or willful misconduct, Claimant also seeks punitive damages in an amount deemed reasonable by the Court. Due to the knowing violations of the statutes identified above, Defendants are liable to Biswas for the statutory multiples (treble) of his actual damages and for his attorneys' fees, expert witness fees, interest and costs.

36. In addition to the actual and punitive damages noted above, Biswas seeks the recovery of pre-judgment interest on his damages at the maximum rate allowed by law. Biswas further seeks the recovery of post-judgment interest, his attorneys' fees, and costs.

## VIII. <u>PRAYER</u>

WHEREFORE, Biswas prays that Defendants be cited and ordered to appear and answer herein. Biswas further prays that Biswas be awarded full recovery from Defendants as follows:

(1) Actual damages, including the return of the $300,000 that was wrongfully moved from his WaMu account to an AO Life Fund plus all accrued interest;

(2) Punitive or multiple damages in an amount governed by statute or as reasonably determined, whichever amount is greater;

(3) Pre-judgment interest at the maximum rate allowed by law;

(4) Attorneys' fees;

(5) Expert witness fees;

(6) Post-judgment interest at the maximum rate allowed by law;

(7) Costs of Court; and

(8) Such other relief, either at law or in equity, to which Biswas may show himself justly entitled.

Respectfully submitted,

THE WYNNE LAW FIRM

David E. Wynne
Texas Bar No. 24047150
The Wynne Law Firm
2730 JPMorgan Chase Tower
Houston, Texas 77002-2913
713-227-8835 (Telephone)
713-227-6205 (Facsimile)
dwynne@wynne-law.com (e-mail)

**COUNSEL FOR PLAINTIFF, DAYAL BISWAS**

12

**TAB Dii**

CAUSE NO. 08-56530

| | | |
|---|---|---|
| DAYAL BISWAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAMU INVESTMENTS, INC., | § | |
| EDWARD BASHAM, and A & O LIFE | § | |
| FUNDS, L.P., | § | |
| | § | |
| Defendants. | § | 333RD JUDICIAL DISTRICT |

## DEFENDANT WAMU INVESTMENTS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

WAMU Investments, Inc. ("WAMU") files this its Original Answer to Plaintiff's Original Petition, and would respectfully show as follows:

### GENERAL DENIAL

Defendant WAMU denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

WHEREFORE, Defendant WAMU prays that Plaintiff take nothing by way of its suit; that Defendant WAMU recover its costs of court and for such other and further relief, general or special, at law or in equity, to which Defendant WAMU may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: _Retta A. Miller_ with permission
                                     GusHapiro
      Retta A. Miller
      State Bar No. 14106700
901 Main Street, Suite 6000
Dallas, Texas 75202-3797
Telephone:  (214) 953-6035
Telecopy:   (214) 661-6676
rmiller@jw.com

ATTORNEYS FOR DEFENDANT
WAMU INVESTMENTS, INC.

### CERTIFICATE OF SERVICE

This is to certify that on the __30 TH__ day of October, 2004, a true and correct copy of the foregoing was served via certified mail, return receipt request on the following:

David E. Wynne
The Wynne Law Firm
2730 JP Morgan Chase Tower
Houston, Texas  77002-2913

_Retta A. Miller_  with permission
                                     GusHapiro
Retta A. Miller

# TAB E

**JOSEPH J. HALBACH JR.**
JUDGE, 333RD DISTRICT COURT
CIVIL COURTS BUILDING
**HOUSTON, TEXAS 77002**
713-368-6470



SEPTEMBER 26, 2008

TO : DAVID EDWARDS WYNNE                    24047150
     2730 JPMORGAN CHASE
     HOUSTON TX 77002


TO ALL COUNSEL AND PRO SE PARTIES:

The case listed below will be eligible for dismissal for want of
prosecution when the case is on file for 120 days, if service is not
perfected or there is no answer on file and a default has not been
requested on Defendant/s.

The following requirements must be met:  Service is perfected AND
an answer is on file; OR Motion for Default OR a Motion to Retain
IS filed  01/19/09 THIS CASE WILL BE DISMISSED FOR WANT OF
PROCESUTION ON 01/26/09.
If you have any questions about service or entry of an answer please
call the clerks @ 713-368-6470.  No case will be removed from this
Dismissal Docket without the proper requirements listed above being
met.


                         JOSEPH J. HALBACH JR
                         333RD DISTRICT COURT


     CASE - 200856530     FILED - 09/23/2008    COURT - 333
     TYPE - FRAUD
     BISWAS, DAYAL VS WAMU INVESTMENTS INC

Certified Document Number: 39558140 - Page 1 of 1

                                                  333L09 - 1


                                                  925000082

# TAB F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAYAL BISWAS, §
§
     Plaintiff, §
§
v. §
§    CIVIL ACTION NO. _____
WAMU INVESTMENTS, INC. §
EDWARD BASHAM, and A & O LIFE §
FUNDS, L.P., §
§
     Defendants. §

## <u>LIST OF ALL COUNSEL AND PARTIES OF RECORD</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

| <u>**Attorney**</u> | <u>**Parties Represented**</u> |
|---|---|
| 1.  David E. Wynne<br>The Wynne Law Firm<br>2730 JPMorgan Chase Tower<br>Houston, Texas 77002-2013<br>Telephone: (713) 227-8835<br>Telecopy: (713) 227-6205<br>(dwynne@wynne-law.com) | Plaintiff Dayal Biswas |
| 2.  Retta A. Miller<br>Jackson Walker, L.L.P.<br>901 Main, Suite 6000<br>Dallas, TX 75202<br>Telephone: (214) 953-6035<br>Telecopy: (214) 661-6676<br>(rmiller@jw.com) | WaMu Invesrtments, Inc. |
| 3.  Counsel Unknown | Edward Basham<br>10555 Turtlewood Ct<br>Houston, TX 77072 |
| 4.  Counsel Unknown | A&O Life Funds, L.P.<br>5555 W. Loop South, Suite 605<br>Bellaire, TX 77401 |

# TAB G

CAUSE NO. 08-56530

| | | |
|---|---|---|
| DAYAL BISWAS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAMU INVESTMENTS, INC., | § | |
| EDWARD BASHAM, and A & O LIFE | § | |
| FUNDS, L.P., | § | |
| | § | |
| Defendants. | § | 333RD JUDICIAL DISTRICT |

## <u>DEFENDANT'S NOTICE OF REMOVAL OF ACTION</u>

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §1446(d), notice is hereby given of the removal of the above-captioned action, Cause No. 2008-56530, from the 330th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. A copy of the Notice of Removal filed in the United States District Court is attached hereto.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: _/ s / Retta A. Miller_
      Retta A. Miller
      Texas Bar No. 04106700
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Telecopy: (214) 661-6676

ATTORNEYS FOR DEFENDANT
WAMU INVESTMENTS, INC.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document, with all attachments, was served on counsel for Plaintiff, Dayal Biswas, The Wynne Law Firm, 2730 JPMorgan Chase Tower, Houston, Texas 77002-2913, via certified mail, return receipt requested, on this 5th day of November, 2008.


_/ s / Retta A. Miller_
Retta A. Miller